**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| ) | **Criminal No: 1:13CR350-023** |
| v.                                                      ) | **Sentencing Date: April 25, 2014** |
| ) | **The Honorable Leonie M. Brinkema** |
| DEYONKA GASKINS,                    ) | |
|     Defendant.                                ) | |

## DEFENDANT'S POSITION WITH RESPECT TO SENTENCING

The defendant, Deyonka Gaskins, by and through undersigned counsel, pursuant to 18 U.S.C. §3553(a) and §6A1.3 of the United States Sentencing Guidelines (hereinafter U.S.S.G.), submits the following Position with Respect to Sentencing. In accordance with U.S.S.G. §6A1.2 Counsel certifies that he reviewed the Presentence Investigation Report (hereinafter PSR) with Ms. Gaskins and objects to the determination that Ms. Gaskins does not qualify for an adjustment for a minor role pursuant to U.S.S.G §3B1.2(b). As a result, the appropriate Offense Level Total is 23 with a corresponding guideline range of 46 to 57 months. However, this guideline range does not adequately address certain specific characteristics of Ms. Gaskins' nor is it an appropriate measure of her culpability in the present case. Based on the considerations set forth in 18 U.S.C. §3553(a), Ms. Gaskins requests that this Court impose a sentence below the low end of the guideline range. Specifically, pursuant to §5C1.1(d)(2), a sentence of 5 months followed by a period of supervised release with 7 months home confinement is sufficient, but not greater than necessary, to address these considerations.

I.      DISPUTED FACTOR: ROLE IN THE OFFENSE

Pursuant to §6A1.3 of the Sentencing Guidelines the Court shall resolve disputed sentencing factors at a sentencing hearing in accordance with Rule 32(i), Fed. R. Crim. P., when

any factor is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the Court regarding that factor. The Probation Officer noted in paragraph 57 of the PSR that Ms. Gaskins acted as a broker for Michael Smallwood and does not qualify for a reduction for being a minor participant. However, pursuant to USSG §3B1.2(b) and based on the offense conduct, the defendant should receive a two-level reduction in her offense level for being a minor participant in the criminal activity.

The Sentencing Guidelines provide for a reduction of a defendant's offense level based on a mitigating role. USSG §3B1.2 Specifically, if the defendant was a minimal participant in any criminal activity, then the offense level should be reduced by 4 levels, if the defendant was a minor participant, then by 2 levels, and in cases falling in between decrease by 3 levels. Application Note 3(C) states that "[t]he determination whether to apply subsection (a) [for a minimal participant] or subsection (b) [for a minor participant], or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." A minimal participant plays a minimal role in the concerted activity that makes him *substantially less culpable* than the average participant and as a result deserving of a 4 level reduction. This reduction, according to Application Note 4, is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant. USSG §3B1.2, comment (n.4). A minor participant, however, is a defendant who is *less culpable* than most other participants, but whose role could not be described as minimal. USSG §3B1.2, comment (n.5).

In the present case, Ms. Gaskins is one of twenty-four co-defendants charged in a conspiracy for crimes related to the criminal activity of the Nine Trey Gangsters. These crimes include racketeering, acts of violence, firearms, robbery, sex trafficking, and distribution of cocaine base. Ms. Gaskins' association with the gang was limited to her romantic relationship with Michael Smallwood and her offense conduct is limited to the distribution of cocaine base. They met at the end of March 2012 and began dating shortly after. In approximately May of 2012, Ms. Gaskin began helping Mr. Smallwood with his drug distribution activity. Mr. Smallwood, who was married to co-conspirator Amanda Ewell, had a pattern of involving women he was romantically involved with in his drug distribution activities and directing their activity. On numerous occasions, Mr. Smallwood directed Ms. Gaskins to carry out drug transactions that he arranged. Mr. Smallwood would leave approximately an 8 ball of crack in the trunk of Ms. Gaskins' car then call her several times a week and instruct her to carry out a transaction. On two occasions, Mr. Smallwood asked Ms. Gaskins if she knew of any potential sources for crack. Ms. Gaskins then called a third party to inquire about possible sources on behalf of Mr. Smallwood. In total, she connected Mr. Smallwood with two sources. She facilitated the first meeting or two and then Mr. Smallwood would take over communication with the source. This activity continued until Mr. Smallwood was arrested in December 2012.

In comparison to the other co-defendants who pled guilty to count 5, Ms. Gaskins' role is accurately characterized as minor. Although her role cannot be characterized as substantially less culpable as Ms. Isique, Ms. Gaskins' is analogous to Ms. Isique's role. Both women were drawn into the conspiracy by a romantic relationship with a Nine Trey Gangster gang member. Both acted at the direction of the gang member for a relatively brief period of time. The distinction between the women is that Ms. Gaskins' was involved longer and conducted more

transactions, however, unlike Ms. Isique, Ms. Gaskins never took charge of the distribution activity. Furthermore, Ms. Gaskins is clearly "less culpable than most other participants" who were only charged with count 5. §3B1.2, comment (n.5). Most of the remaining co-defendants were active participants of the gang and participated for a much longer period of time than Ms. Gaskins who was only an associate. They were actively distributing drugs at their own direction while Ms. Gaskins acted at Mr. Smallwood's direction. As a result, Ms. Gaskins should receive a two-level reduction in her offense level for being a minor participant in the criminal activity.

## II. CONSIDERATIONS UNDER §3553(a)

It is well settled that the Sentencing Guidelines are advisory following the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738, 757 (2005). While Federal Courts must still consider the defendant's sentencing exposure under the guidelines, the court is now free to "tailor the sentence in light of other statutory concerns". *Booker*, at 764-65; see also *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005) (the court shall consider the sentencing guidelines range as well as other relevant factors set forth in 18 U.S.C. §3553(a) before imposing sentence). As a result, this Court may consider permissible statutory factors such as: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from future crimes of the defendant, and to provide the defendant with reasonable rehabilitative opportunities; the kinds of sentences available; the guideline range; the need to avoid unwanted sentencing disparities; and the need for restitution. Upon consideration of these factors, a sentencing court may find that a case falls outside the "heartland" contemplated by the guidelines, that "the guidelines sentence itself fails properly to

reflect the §3553(a) considerations", or that "the case warrants a different sentence regardless." *Rita v. United States*, 551 U.S. 338, 345-46 (2007). Under recent decisions of the United States Supreme Court, *see e.g., Gall v. United States, 552 U.S. 38 (2007); Kimbrough v. United States, 552 U.S. 85 (2007)*; and the United States Court of Appeals for the Fourth Circuit, *see e.g., United States v. Pauley, 511 F.3d 468 (4th Cir. 2007)*; other considerations exist that demand a lower sentence than that suggested by the Sentencing Guidelines. Therefore, if this Court considers Ms. Gaskins' offense in the context of these factors, it is appropriate to impose a sentence of 5 months followed by a period of supervised release with 7 months home confinement.

A.      Nature and Circumstances of the Offense

Ms. Gaskins' involvement in the present offense conduct, as discussed in the prior section suggests that a variance from the guideline range is appropriate.

B.       History and Characteristics of the Defendant

Ms. Gaskins is 30 years old and the single mother of a 12 year old daughter and 5 year old twins. She is educated and has demonstrated an ability to maintain consistent employment as well as volunteer in the community. Ms. Gaskins' current employer is aware of the present charge, is willing to continue her employment, and speaks very highly of her performance. Despite her work ethic, Ms. Gaskins has struggled to make ends meet. These struggles were exacerbated by the loss of a housing grant as a result of these charges. Although she is saving her child support payments to help cover the expenses of her children while she is incarcerated, she very concerned about her children being provided for.

Ms. Gaskins' concern stems from her own childhood. She experienced a tumultuous childhood as a result of her parents drug use and repeated incarcerations. She resided with

various relatives until her grandmother discovered her "on the street", as Ms. Gaskins described, and took her in. Although her parents are currently not incarcerated and sober, they do not appear to be suitable custodians for Ms. Gaskins' children. Following her arrest, Ms. Gaskins' mother attempted to help care for the children but there were problems during the six days she was incarcerated with the pick-up and drop-off of the children at school. In addition, Ms. Gaskins' grandmother, with whom they currently live, is too old to care for the children for an extended period of time.

Ms. Gaskins does not have a history of substance abuse and has no criminal record other than traffic infractions. As a result, she has never been incarcerated other than the six days she spent in jail for the present case prior to her release on supervised release. Although she initially denied paragraph 5 of the Statement of Facts, she acknowledged her conduct during the plea colloquy and the subsequent debriefing required by §5C1.2(a)(5).

C.      Equity, Fairness, and Deterrence

A sentence of 5 months followed by a period of supervised release with 7 months home confinement would sufficiently reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes of the defendant. Ms. Gaskins has demonstrated that she is able to maintain employment despite the charges pending against her. She has also demonstrated the ability to successfully participate in supervised release. Finally, the shock of incarceration for an individual who had never been arrested prior to this incident will be significant.

D.      The Guideline Range / The Need to Avoid Sentencing Disparities

A sentence of 5 months followed by a period of supervised release with 7 months home confinement, pursuant to §5C1.1(d)(2), adequately reflects the guideline range and avoids

unwarranted sentencing disparities. See §5C1.1 (n. 4(B)). In *Kimbrough v. United States*, 552 U.S. 85 (2007), the Supreme Court held that it is not "an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes. In the present case Ms. Gaskins received a base offense level 32 which corresponds to a crack weight of 280 grams to 840 grams resulting in a total offense level 25 and a guideline range of 57 to 71 months. (This does not include the minor role reduction.) If this had been cocaine Ms. Gaskins' base offense level would have been 22 which corresponds to a cocaine weight range of 300 grams to 400 grams resulting in a total offense level 15 and a guideline range of 18 to 24 months. The government's recommended sentence of 24 months is at the high end of this range. The result is that Ms. Gaskins' sentencing range is 39 months higher. It is also interesting to note that if the Court grants a departure based on minor role and if the offense conduct involved cocaine rather than crack, then Ms. Gaskins' sentencing range would be 12 to 18 months within Zone C of the Sentencing Table.

Finally, Ms. Isique received a sentence of probation. As discussed above, Ms. Gaskins' conduct is analogous to Ms. Isique's. The variance suggested by counsel would prevent any unwarranted sentencing disparities between co-defendants.

## CONCLUSION

For the foregoing reasons, Ms. Gaskins respectfully requests that this Court grant a variance and impose a sentence, pursuant to §5C1.1(d)(2), of 5 months followed by a period of supervised release with 7 months home confinement. Ms. Gaskins further requests that she be allowed to voluntarily surrender after May 12, 2014.

                Respectfully submitted,

                By: __/s/_____
                ANDREW M. STEWART, ESQ.
                Virginia State Bar No. 68683
                Attorney for the Defendant
                2045 North 15th Street, Suite 200
                Arlington, VA 22201
                Phone: 703-248-0626
                Fax: 703-248-8971
                andrew.m.stewart.esq@gmail.com

## CERTIFICATE OF SERVICE

   I hereby certify that on the 22nd day of April, 2014, I electronically filed the foregoing motion with the clerk of the court using the CM/ECF system, which will send an electronic copy to the following:

Adam B. Schwartz
and
Dennis Fitzpatrick
Assistant United States Attorney
U.S. Attorney's Office, Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: 703-299-3700

                By: __/s/_____
                ANDREW M. STEWART, ESQ.
                Virginia State Bar No. 68683
                Attorney for the Defendant
                2045 North 15th Street, Suite 200
                Arlington, VA 22201
                Phone: 703-248-0626
                Fax: 703-248-8971
                andrew.m.stewart.esq@gmail.com